**Sherri P. ZAZUETA, Plaintiff–Appellant,**

v.

**KENTUCKY COMMUNITY AND TECHNICAL COLLEGE SYSTEM; Hazard Community College; Edward Hughes, Individually and in his Official Capacity; Doug Fraley, Individually and in his Official Capacity; Steve Jones, Individually and in his Official Capacity, Defendants–Appellees.**

No. 03–5239.

United States Court of Appeals, Sixth Circuit.

March 17, 2004.

Sherri P. Zazueta, Murfreesboro, TN, pro se.

Philip C. Eschels, Louisville, KY, for Defendants–Appellees.

Before: BATCHELDER and GIBBONS, Circuit Judges; and COHN, District Judge.*

### ORDER

This is a direct appeal from a district court judgment denying motions for pre-

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michi- gan, sitting by designation.

liminary injunctive relief in this employment discrimination action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Sherri Zazueta filed an employment discrimination complaint against the Kentucky Community and Technical College System, the Hazard [Kentucky] Community College, and three individuals seeking monetary damages and other relief. The district court denied Zazueta's claims for preliminary injunctive relief and dismissed some, but not all, of the remaining claims. Zazueta filed an appeal from the denial of injunctive relief.

The issue presented for appellate review is whether the district court properly denied Zazueta's three, substantially identical requests for preliminary injunctive relief. This court reviews a judgment granting or denying a motion for a preliminary injunction for an abuse of discretion. *Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross and Blue Shield Ass'n,* 110 F.3d 318, 322 (6th Cir.1997). The factors to be considered by a district court in ruling on a request for a preliminary injunction are: 1) whether the movant is likely to succeed on the merits; 2) whether the movant will suffer irreparable injury in the absence of an injunction; 3) whether the injunction will cause substantial harm to others; and 4) whether the injunction would serve the public interest. *Keweenaw Bay Indian Comm. v. Michigan,* 11 F.3d 1341, 1348 (6th Cir.1993). An examination of the record and law using this standard of review supports the judgment on appeal.

Zazueta was a faculty member of the Hazard Community College (the "College") until her resignation on November 30, 1999. Zazueta thereafter filed an employment discrimination complaint in federal court naming the College, the Kentucky Community and Technical College System, and three individual College officials (Edward Hughes, Doug Fraley and Steve Jones) as defendants. Zazueta asked for $20,000,000 in monetary damages under theories of recovery based in federal and Kentucky state law.

The parties engaged in responsive pleading. The defendants moved to dismiss some of the claims and Zazueta filed three separate motions for preliminary injunctive relief. The district court held a hearing on Zazueta's motions for injunctive relief as well as the defendants' motion to dismiss. The court denied Zazueta's request for monetary damages for "lost wages" as that remedy was legal, not equitable, in nature. The court also denied Zazueta's request for reinstatement and back pay. The court held in this regard that not only did Zazueta have an adequate remedy at law (back and front pay), but that she completely failed to satisfy any portion of the traditional four-part test by which a motion for injunctive relief is judged. Finally, the court ordered the dismissal of all Zazueta's claims for relief except those Title VII claims directed to the individual defendants and the College. Zazueta took an appeal from the decision to deny her requests for injunctive relief.

The district court's decision to deny Zazueta's requests for injunctive relief is completely supported in law for the reasons set forth by the district court in the hearing of February 6, 2003.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.